1

2

3                     UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8    LOVETTA WILLIS,                          Case No.: 13-cv-01562-YGR

9           Plaintiff,                        **NOTICE OF TENTATIVE RULING ON
                                              DEFENDANTS' MOTION TO DISMISS**
10          v.                                **PLAINTIFF'S COMPLAINT**

11   PATRICK R. DONAHOE, et al.,

12          Defendants.

13

14   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

15          Please take notice of the following Tentative Ruling on Defendants' Motion to Dismiss

16   Plaintiff's Complaint (Dkt. No. 15), set for hearing on August 20, 2013 at 2:00 p.m.:

17          The Court is inclined to grant the Motion to Dismiss with leave to amend such that Plaintiff

18   can present a complaint that complies with Fed. R. Civ. P. 8(a) and contains sufficient factual

19   allegations such that the Court can determine whether her claims are plausible.

20          This is a *tentative ruling* and the parties still have an opportunity to present oral argument.

21   Alternatively, if the parties *jointly stipulate* in writing to entry of the tentative ruling, the hearing shall

22   be taken off calendar, and the tentative ruling will become the order of the Court.

23   **I.      MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

24          Defendants move to dismiss the complaint on five grounds.  The Court will address each in

25   turn.

26          **A.      Exhaustion of Administrative Remedies**

27          First, Defendants argue that Plaintiff's claims for discrimination and retaliation, to the extent

28   they rely on allegations beyond what was included in her EEO Complaint in case number 1F-946-

United States District Court
Northern District of California

0017-06, must be dismissed for failure to exhaust administrative remedies.   Plaintiff requested EEO counseling on December 23, 2005 and, on January 31, 2006, filed the above-referenced EEO Complaint, wherein Plaintiff alleged she had been discriminated against when she was removed on December 19, 2005.  Defendant acknowledges that Plaintiff has timely exhausted these claims. However, Plaintiff's complaint contains many other allegations, including events going back to 1985, for which she has not exhausted her administrative remedies.

Plaintiff appears to concede that her claims are based on EEO Complaint designated 1F-946-0017-06.  (Opp. at 2–4 & 8 ("Plaintiff's claim for relief is based on defendant's wrongful issuance of a Notice of Removal, on December 19, 2005, to be effective January 19, 2006").)

Tentative Ruling:

To the extent that Plaintiff's claims are based only on the above-referenced EEO Complaint, the Court is inclined to grant the Motion to Dismiss with leave for Plaintiff to amend the complaint and remove allegations upon which she does not base her claims.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain, among other things, "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1) & (2).

A lengthy history of events relating to Plaintiff's employment does not comport with Rule 8(a)'s requirement of a short and plain statement.  The manner in which Plaintiff has presented her allegations is confusing and leaves the Court unable to discern the factual bases of her claims. Plaintiff should amend her complaint to clarify the precise allegations upon which her claims are based and remove allegations not encompassed by the EEO Complaint in case number 1F-946-0017-06.

**B.     Plaintiff's Election to File a Grievance**

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's claim for failure to reasonable accommodate because she elected to file a union grievance with respect to this claim. Defendant argues the failure to accommodate claim is based on a limited duty job offer made to Plaintiff in August 2004.  Defendant provided the Court with a copy of a formal union grievance relating to Defendants' alleged failure to provide her a job offer within her work restrictions.

United States District Court
Northern District of California

2

1    Plaintiff responds that she "did not file a union grievance for failure to accommodate, the

2    Notice of Removal issued by defendant on or about December 19, 2005 before contacting the EEOC

3    counselor on December 23, 2005."

4    Tentative Ruling:

5    Plaintiff's argument is merely a conclusion without factual support, which does not address

6    the grievance provided to the Court by Defendants with the Motion.  The Court is inclined to grant

7    Defendants' Motion to Dismiss on this ground with leave to amend, such that Plaintiff can allege a

8    factual basis *if* her claim is not barred by the Federal Labor-Management Relations Act for having

9    filed a union grievance *and/or* to restate with sufficient facts the basis of her failure to accommodate

10   claim.

11   **C.    Title VII Remedies**

12   Defendant argues that to the extent Plaintiff's complaint asserts claims not arising under Title

13   VII, they must be dismissed because Title VII is the exclusive judicial remedy for claims of

14   discrimination in federal employment.  Specifically, Defendant seeks dismissal of Plaintiff's claims

15   based on "intentional infliction of emotional distress, threats, unwarranted disciplinary action,

16   prohibited personnel practices, and other violations of her Constitutional and Civil rights, other

17   unfavorable actions against her and other unlawful acts."  (Compl. ¶ 30.)

18   Plaintiff responds that each of her claims is based on violations of Title VII of the Civil Rights

19   Act, as amended, and the Rehabilitation Act.

20   Defendants state in their Reply that Plaintiff does not dispute that Title VII is the only

21   available remedy, and seeks dismissal of non-Title VII claims, to the extent Plaintiff has stated such

22   claims.

23   Tentative Ruling:

24   The Court is inclined to deny Defendants' Motion to Dismiss on this ground.  Defendants

25   assert this ground *to the extent* that Plaintiff seeks to assert any tort or constitutional claims.  It does

26   not appear to the Court that Plaintiff is alleging separate tort or constitutional claims by the allegations

27   identified at paragraph 30 of the complaint.  As such, Defendants' argument is moot.

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1

**D.        Failure to State a Claim**

2      Defendants argue that even if her claims are not barred based on the grounds stated above, her

3 claims must be dismissed because she has failed to state claims of discrimination, retaliation, and

4 failure to accommodate.

5      Plaintiff responds that she has alleged sufficient facts to support her claims for relief.

6      Tentative Ruling:

7      The Court is inclined to grant the Motion to Dismiss on this ground with leave to amend.  A

8 complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell*

9 *Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the

10 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

11 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Thus,

12 "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

13 inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

14 *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  Mere conclusions couched in factual

15 allegations are not sufficient to state a cause of action.  *Papasan v. Allain,* 478 U.S. 265, 286 (1986);

16 *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988).

17      As stated above, the Court cannot discern the factual bases of Plaintiff's claims.  Given

18 Plaintiff's concession that her claims relate to EEO Complaint case number 1F-946-0017-06, the

19 complaint contains a large volume of allegations falling outside of the relevant time period that are

20 not otherwise necessary or helpful in understanding her claims.  Without understanding the specific

21 factual bases underlying Plaintiff's claims, the Court cannot determine whether Plaintiff's claims are

22 plausible.  In amending her complaint, Plaintiff should clearly and concisely state the facts underlying

23 her claims in a manner to give notice of the factual and legal bases for each claim.

24      **E.        Dismissal of Former Postmaster General**

25      Defendant argues that Defendant John E. Potter, the former Postmaster General, and Does 1–

26 10 should be dismissed.

27      Plaintiff does not oppose the dismissal of Mr. Potter, but does not address the dismissal of

28 Does 1–10.

4

1      <u>Tentative Ruling</u>:

2      The Court is inclined to grant the Motion to Dismiss as to Defendant John E. Potter and Does

3 1–10.  If Plaintiff has specific factual allegations supporting the inclusion of Doe defendants, she has

4 leave to amend to add such allegations.

5 **II.**     **CONCLUSION**

6      If the parties wish to submit to this Tentative Ruling on any of the above-referenced issues,

7 they must notify the Court and all parties via a joint stipulation filed on ECF no later than 10:00 a.m.

8 on Monday, August 19, 2013.

9      **IT IS SO ORDERED.**

10

11 Dated: August 15, 2013

12                                 **YVONNE GONZALEZ ROGERS**

                           **UNITED STATES DISTRICT COURT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28