UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVETTA WILLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK R. DONAHOE, et al.,<br><br>    Defendants. | Case No.: 13-cv-01562-YGR<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 25.) Plaintiff has filed an Opposition to Motion to Dismiss First Amended Complaint. (Dkt. No. 26.) Defendant filed a reply in turn. (Dkt. No. 28.)

The Court provides the following Tentative Ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint set for hearing on November 19, 2013 at 2:00 p.m.

This is a *tentative ruling* and the parties still have an opportunity to present oral argument. The Court hereby **ORDERS** that the parties be prepared to address the specific issues identified herein.

**I.   MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant's Motion to Dismiss is based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Defendant seeks dismissal under Rule 12(b)(1) because Plaintiff's claims of disability

---

[1] In response to a previous motion to dismiss, the Court issued a Notice of Tentative Ruling. (Dkt. No. 21.) The parties filed a Joint Stipulation to Entry of Tentative Ruling. (Dkt. No. 22.) Thereafter, the Court issued an Order Entering Tentative Ruling on Defendants' Motion to Dismiss Plaintiff's Complaint as Order of Court. (Dkt. No. 23.) The Court will refer to its prior ruling on the motion to dismiss, as stated in the Notice of Tentative Ruling, as the "Prior Order."

1  discrimination and retaliation are based on claims for which Plaintiff has not exhausted her
2  administrative remedies.  Alternatively, Defendant seeks dismissal of Plaintiff's disability
3  discrimination claim under Rule 12(b)(6) for failure to provide factual allegations sufficient to state a
4  claim.

### A.     **Fed. R. Civ. P. 12(b)(1) and Exhaustion of Administrative Remedies**

In the Prior Order, Court noted that Plaintiff conceded that her claims were based on EEO Complaint no. 1F-946-0017-06.[2]  The Court ordered Plaintiff to remove allegations upon which she did not base her claims.  Specifically, the Court instructed:

> A lengthy history of events relating to Plaintiff's employment does not comport with Rule 8(a)'s requirement of a short and plain statement.  The manner in which Plaintiff has presented her allegations is confusing and leaves the Court unable to discern the factual bases of her claims.  Plaintiff should amend her complaint to clarify the precise allegations upon which her claims are based and remove allegations not encompassed by the EEO Complaint in case number 1F-946-0017-06.

(Prior Order at 2.)

Defendant argues that despite this instruction, Plaintiff's FAC "still includes many allegations that she failed to administratively exhaust." (Motion at 10; *see* FAC ¶¶ 12, 15–16 (containing allegations relating to events occurring in 1985, 1996, 1999, 2003–2004, and early 2005).)  As to acts of alleged discrimination occurring prior to November 8, 2005, Defendant argues Plaintiff failed to administratively exhaust her remedies and those claims are now time barred.  Accordingly, Defendant asks the Court to dismiss Plaintiff's claims "[b]ecause this Court lacks subject matter jurisdiction over claims premised on any of these allegations"—*i.e.*, any claims not exhausted in EEO complaint no. 1F-946-0017-06.  (Motion at 11.)

Plaintiff responds that she "has specifically plead facts relating to her prior EEO complaints[] to support her disability discrimination claim and her retaliation claim.  The factual allegations about her prior EEO activity[] supports her allegations[] that at the time defendant terminated her employment, defendant knew about her prior EEO complaints, knew she was disabled, new [*sic*] the nature and extent of her disability, knew she was off work because of her disability; and also supports

---

[2] Defendant acknowledges that "Plaintiff's claim that due to discriminatory and retaliatory animus the Postal Service issued a Notice of Removal dated December 19, 2005 has been timely exhausted." (Motion at 10.)

her contention that the defendant applied its absenteeism policy less favorable to her than to other employees who were not members of her protected class." (Opposition at 3.) As to Defendant's argument that she has not exhausted remedies for prior EEO complaints, she states that "[h]er first amended complaint does not seek damages for defendant's prior conduct. Her complaint seeks damages[] only for defendant's December 19, 2005 [sic] termination of her employment, based on alleged disability discrimination and retaliation." (*Id.* at 4 (third alteration in original).)

Tentative Ruling and Questions for Counsel:

The Court believes that Plaintiff has failed to comply with its previous instruction that she remove allegations in the complaint that are outside of the scope of EEO complaint no. 1F-946-0017-06. Plaintiff argues that she does not seek damages for these prior events. However, she argues in her Opposition that the prior EEO complaints "support her disability discrimination and her retaliation claim." (Opposition at 3.) She also alleges in the FAC as follows: "Defendant by engaging in conduct including but not limited to the acts alleged herein engaged in *continuing course of conduct* designed to harass plaintiff and or [*sic*] retaliate against her for complaints about discrimination, failure to reasonably accommodate her disability, unwarranted disciplinary action, prohibited personnel practices, and other violations of her constitutional and civil rights." (FAC ¶ 23 (emphasis supplied).) Thus, it appears to the Court that Plaintiff does seek to use allegations predating those raised in EEO complaint no. 1F-946-0017-06 as part of her affirmative claims.

Plaintiff's counsel shall be prepared to address how her discrimination claim based on a "continuing course of conduct" including events occurring before November 8, 2005 is not time barred. Counsel shall also be prepared to address why the allegations of prior conduct remain in the FAC and, specifically, whether the level of detail of the allegations is *required* to state her claims, as asserted in EEO complaint no. 1F-946-0017-06. To the extent that Plaintiff views these allegations as necessary to show that Plaintiff engaged in protected activities for her retaliation claim, Plaintiff shall determine what *facts* relating to her protected activities are necessary to be stated, bearing in mind that the underlying events upon which she made prior complaints are time barred as an affirmative claim.

Defendant shall be prepared to address why Plaintiff's claims should be dismissed in their entirety for lack of subject matter jurisdiction when Defendant concedes that Plaintiff timely exhausted her claims raised in EEO complaint no. 1F-946-0017-06.

### B. Fed. R. Civ. P. 12(b)(6)

As noted above, Defendant seeks dismissal of Plaintiff's disability discrimination claim for failure to state a claim. Specifically, Defendant argues that Plaintiff fails to allege any facts stating a claim for discrimination under Title VII, which prohibits discrimination based on race, color, religion, sex, and national origin—but not disability.[3] As to Plaintiff's claim under the Rehabilitation Act, Defendant identifies the elements of a prima facie discrimination claim as requiring her to demonstrate that: "(1) she is a person with a disability (2) who is otherwise qualified for employment and (3) suffered discrimination because of her disability." (Motion at 13 (citing *Walton v. United States Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007)) (further citations omitted).) Defendant argues that Plaintiff has not identified the disabling condition that is the basis of her Rehabilitation Act claim. In addition, she fails to allege facts showing that she is a "qualified" individual, which is defined as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position she holds or desires. Noting that Plaintiff fails to list the essential elements of her job, Defendant argues that her conclusory recitation of the elements of the claim, without any facts in support thereof, is insufficient to state a claim.

Plaintiff does not address Defendant's argument that there is no disability discrimination claim under Title VII, instead stating that "Title VII of the Civil Rights Act, as amended and the Rehabilitation Act prohibit defendant from discriminating against employees with a disability, because of their disability." (Opposition at 5.) Rather, she summarizes her allegations against Defendant and claims that she has "describe[d] circumstances which give rise to an *inference* of disability discrimination, pretext and retaliation." (*Id.* at 6 (emphasis supplied).)[4] Plaintiff requests leave to amend the complaint to the extent the Court finds defects exist.

---

[3] Plaintiff's first claim is titled "Discrimination Based on Disability, Violation of Title VII of the Civil Rights Act of 1964, as Amended, and the Rehabilitation Act."

[4] In the Reply, Defendant notes that Plaintiff's conclusion that she is entitled to an "inference" of discrimination is without supporting authority.

4

Tentative Ruling and Questions for Counsel:

The Court believes that Plaintiff's allegations regarding whether she is a "qualified" individual, as defined above, are conclusory.  Further, the Court finds Plaintiff's allegations that policies were applied "differently to plaintiff than to U.S. Postal Service employees who were not members of plaintiff's protected category" to be lacking sufficient factual detail.  (*See* FAC ¶ 14.)[5]  Overall, the Court continues to find Plaintiff's complaint to be confusing and it is unable to discern the precise factual bases of her claims.  Plaintiff's counsel shall be prepared to address what facts, if any, she can allege to state each element of a prima facie case of discrimination.

Further, it is unclear to the Court whether Plaintiff has any claim under Title VII.  Plaintiff has not alleged discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2.  Moreover, a retaliation claim under Title VII requires that the employee opposed a practice made unlawful *by Title VII* or made a charge, testified, assisted, or participated in any manner in any investigation, proceeding or hearing *under Title VII*.  Plaintiff's counsel shall address whether Plaintiff's discrimination and retaliation claims can be raised under Title VII, or whether these claims arise solely under the Rehabilitation Act.

## II. CONCLUSION

Counsel shall be prepared to address the tentative rulings and questions to counsel addressed herein.

**IT IS SO ORDERED.**

Dated: November 14, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[5] The same is true of Plaintiff's allegation that she was "treated less favorably by Mr. Tate and or [*sic*] the U.S. Postal Service by the conduct of Mr. Tate and or [*sic*] the U.S. Postal Service, alleged herein, than other employees who were not disabled, and or [*sic*] employees who had not complained about failure to reasonably accommodate their disability and or [*sic*] who had not participated in EEO protected Activity."  (FAC ¶ 14.)

5