UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVETTA WILLIS,<br><br>   Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHOE,<br><br>   Defendant. | Case No.: 13-cv-01562-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO FILE MOTION FOR LEAVE TO AMEND** |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 25.) Plaintiff has filed an Opposition to Motion to Dismiss First Amended Complaint. (Dkt. No. 26.) Defendant filed a reply in turn. (Dkt. No. 28.) Prior to oral argument, the Court issued a Notice of Tentative Ruling and Questions for Counsel ("Tentative Ruling"), wherein the Court stated its tentative rulings and ordered that counsel be prepared to address particular issues. (Dkt. No. 34.) On November 19, 2013, the Court held oral argument on the pending Motion. (Dkt. No. 35.)

Having carefully considered the papers submitted, the pleadings in this action, the arguments of counsel, and for the reasons set forth below and as stated on the record on November 19, 2013, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint **WITH LEAVE** to file a Motion for Leave to Amend as set forth in this Order.

**I.    MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant's Motion to Dismiss is based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant seeks dismissal under Rule 12(b)(1) because Plaintiff's claims of disability discrimination and retaliation are based on claims for which Plaintiff has not exhausted her

administrative remedies.  Alternatively, Defendant seeks dismissal of Plaintiff's disability discrimination claim under Rule 12(b)(6) for failure to provide factual allegations sufficient to state a claim.

### A.     Fed. R. Civ. P. 12(b)(1) and Exhaustion of Administrative Remedies

The Court affirms its tentative ruling that "Plaintiff has failed to comply with [the Court's] previous instruction that she remove allegations in the complaint that are outside of the scope of EEO complaint no. 1F-946-0017-06." (Tentative Ruling at 3.)  Plaintiff concedes that she may not affirmatively pursue claims of discrimination or failure to accommodate based on events that occurred in 1985, 1996, 1999, 2003–2004, and early 2005, but argues that these events are alleged in the FAC because they are relevant to her claim of retaliation.  Specifically, she contends these past events show that Defendant knew that she engaged in protected activities and retaliated against her for them.

The Court finds that Plaintiff's FAC seeks to do more than use these events to show knowledge of protected activities.  Paragraph 23 provides: "Defendant by engaging in conduct including but not limited to the acts alleged herein engaged in *continuing course of conduct* designed to harass plaintiff and or [*sic*] retaliate against her for complaints about discrimination, failure to reasonably accommodate her disability, unwarranted disciplinary action, prohibited personnel practices, and other violations of her constitutional and civil rights." (Emphasis supplied.)  (*See also* Opposition at 3 (stating that prior EEO complaints "support her disability discrimination *and* her retaliation claim") (emphasis supplied).)  The Court also notes that Plaintiff's counsel argued repeatedly at the hearing that he was attempting to show an environment that may give rise to an "inference" of discrimination.  However, Plaintiff may not rely on events that are time-barred to prove Plaintiff's affirmative discrimination claim.

To the extent that Plaintiff's retaliation claim requires allegations of Plaintiff's prior complaints, the Court believes that Plaintiff can provide a short and plain statement that, for example, she made a complaint on a particular date regarding alleged discrimination.  The full extent and details regarding the underlying discrimination that Plaintiff complained of is not necessary for the purpose of showing she engaged in protected activities, although Plaintiff can simply state that the complaint related to, for example, disability or race discrimination.  To the extent that Plaintiff seeks

to allege that Defendant knew of those activities, a short and plain statement to that effect can also be alleged without providing details of her complaints.

Because Plaintiff is relying on non-exhausted and time-barred claims as part of her affirmative claims, the Court **GRANTS** Defendant's Motion to Dismiss under Rule 12(b)(1).  Plaintiff may file a Motion for Leave to Amend as set forth in this Order at Section I.D.

### B. Fed. R. Civ. P. 12(b)(6)

The Court affirms its tentative ruling that Plaintiff's allegations regarding her disability discrimination claim are conclusory and lacking sufficient factual detail.  (*See* Tentative Ruling at 5.) Plaintiff has failed to provide facts supporting her claim that she is a qualified individual—*i.e.*, an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position she holds or desires.  (*See*, *e.g.*, FAC ¶ 1, 11.)   When asked at oral argument what Plaintiff's disability is, counsel stated that Plaintiff has carpal tunnel and tendonitis, and identified paragraph 12 of the FAC as so alleging.  However, paragraph 12 lists more than the two conditions identified by counsel as Plaintiff's disabilities, which supports Defendant's argument that it is unclear *from the FAC* what Plaintiff's alleged disability is *relevant to her present disability discrimination claim*.[1]  The Court also agrees with Defendant's argument that Plaintiff has failed to identify the position for which she is qualified and what the essential functions of that position are.

In addition, Plaintiff's allegations at paragraph 14 regarding how she was (i) treated differently than other employees who were not members of her protected category and (ii) treated less favorably by Mr. Tate than other employees who were not disabled and/or who had not participated in EEO protected activities are bare recitations of elements without any factual basis.  Based on the FAC, there are no facts permitting the Court to determine whether such allegations are plausible.

Because Plaintiff has not provided sufficient factual detail regarding each element required to establish a prima facie case of disability discrimination, the Court **GRANTS** Defendant's Motion to

---

[1] Notably, the FAC includes "right DeQuevains" as one of Plaintiff's medical conditions, but counsel admitted at oral argument that he did not know what this condition is.

3

Dismiss under Rule 12(b)(6).  Plaintiff may file a Motion for Leave to Amend to address these deficiencies as set forth in this Order at Section I.D.

### C. Whether Plaintiff's Claims May Be Brought Under Title VII

The Court noted in its Tentative Ruling that Plaintiff failed to respond to Defendant's argument that there is no disability discrimination claim under Title VII.  *See* 42 U.S.C. § 2000e-2 (explicitly prohibiting discrimination based on race, color, religion, sex, and national origin).  The Court also noted that if disability discrimination was not made unlawful by Title VII, Plaintiff's retaliation claim for engaging in protected activity relating to the same would not be cognizable under Title VII.  At oral argument, Plaintiff's counsel stated that despite 42 U.S.C. section 2000e-2, he believes Title VII covers disability, although he conceded he may be wrong on this issue.

If Plaintiff seeks to include claims under Title VII in an amended complaint, she is **ORDERED** to provide specific authority substantiating those claims as cognizable under Title VII in connection with her Motion for Leave to Amend.

### D. Instructions Regarding Leave to Amend

If Plaintiff wishes to file an amended complaint, she may do so as part of a Motion for Leave to Amend, to be heard on the Court's law and motion calendar.  A proposed Second Amended Complaint ("Proposed SAC") must be submitted with the motion.

The Motion for Leave to Amend shall include the following:  first, it must identify the specific claims Plaintiff is alleging and the statutory basis for each claim with pincite citations to the relevant sub-section.  Second, it must identify the elements of each asserted claim.  Third, the motion must provide the authorities for the elements of the asserted claims, such as jury instructions or case citations.  Fourth, the motion must identify *in a chart format* which paragraphs of the Proposed SAC relate to each of the required elements for the asserted claims.

To the extent that the Proposed SAC contains allegations that do not directly support a required element, Plaintiff's counsel must identify *by paragraph number and in chart format* the significance of each paragraph and provide an explanation as to why its inclusion in the SAC is necessary or relevant to the asserted claims.  However, Plaintiff need not provide such explanations

4

for paragraphs that state, in substance, what is presently contained in paragraphs 1–7 of the FAC, containing General Allegations and allegations regarding jurisdiction and venue.

Finally, as noted above, if Plaintiff re-alleges claims under Title VII, she must provide specific authority showing that her claims are cognizable under Title VII, as opposed to the Rehabilitation Act.

## II.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED** with leave to file a Motion for Leave to Amend as set forth herein. Plaintiff shall file her motion for leave to amend by no later than January 7, 2014.

This Order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: November 26, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**